UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JOSE LUIS ARELLANO,      Civ. No. 10-4833 (JNE/LIB)

    Petitioner,

v.     **REPORT AND RECOMMENDATION**

WARDEN B.R. JETT,

    Respondent.

---

This matter is before the Court upon Petitioner Jose Luis Arellano's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Arellano claims that the federal Bureau of Prisons ("BOP") has incorrectly computed the term of his prison sentence, and Respondent[1] has filed a response opposing Arellano's Petition. The case has been referred the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that the Petition be denied and that this action be dismissed with prejudice.

**I.   FACTUAL BACKGROUND**

Arellano is a federal prisoner currently confined at the Federal Medical Center in Rochester, Minnesota. Arellano is serving a 10 year, three month, and 29 day aggregate sentence that will be followed by five years of supervised release.

Arellano was arrested on October 27, 2006, after the Drug Enforcement Agency discovered approximately 15 grams of methamphetamine during the execution of a federal

---

[1]   Respondent B.R. Jett is the Warden of the facility where Petitioner is confined.

search warrant at his residence. He was subsequently charged with possession with intent to distribute a controlled substance under 21 U.S.C. 841(a)(1) and 841(b)(1)(c), in the United States District Court for the District of South Dakota. Arellano entered a guilty plea, and on July 16, 2007, the District Court for the District of South Dakota sentenced Arellano to an 87-month term of imprisonment and 3 years of supervised release (hereinafter referred to as the South Dakota sentence).

On August 13, 2007, Arellano was transferred to the District of Wyoming where charges were pending for conspiracy to possess with intent to distribute methamphetamine under 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(a). Arellano entered a guilty plea, and on November 14, 2007, the District Court for the District of Wyoming sentenced him to a 10-year term of imprisonment to run concurrent with his 87-month term of imprisonment imposed by the District of South Dakota (hereinafter, the Wyoming sentence).

According to the BOP, Petitioner began serving his 87-month South Dakota sentence on July 16, 2007, and he began serving his 10-year Wyoming sentence on November 14, 2007, or in other words, the BOP concluded that both sentences commenced on the day that they were imposed. Although the BOP has taken into account that the two sentences are to be served concurrently, the BOP has determined that the two sentences can only be served concurrently from the date when Arellano began serving the Wyoming sentence. Therefore, the BOP has determined that Arellano's sentence can only be served concurrently from November 14, 2007, and accordingly, the BOP calculated Arellano's aggregated sentence to be 10 years, 3 months, and 29 days.[2] Arellano then received 262 days of presentence credit towards his aggregate

---

[2] As noted, Arellano's South Dakota sentence commenced on July 16, 2007, and his Wyoming sentence began on November 14, 2007. The time period between when he began serving his

sentence for the time he spent in presentence custody from October 27, 2006 (the date of his arrest) through July 15, 2007 (the day before his South Dakota sentence was imposed). With the application of presentence credit and projected good time credits to his aggregate sentence, Arellano's projected release date is October 27, 2015.

In his Petition, Arellano claims that the BOP has improperly lengthened his sentence "by adding 3 months and 29 days." (Petition, Dkt. 1, at ¶ 9). Arellano requests that the 3 months and 29 days between the date that his South Dakota sentence was imposed and the date that his Wyoming concurrent sentence was imposed be deducted from or credited toward his sentence computation to reflect a total term of imprisonment of 10 years. Respondent argues that Arellano's petition should be dismissed for failure to exhaust administrative remedies. Alternatively, Respondent argues that Arellano's Habeas Petition should be denied because the BOP properly calculated his aggregate sentence.

## II.   DISCUSSION

It is the responsibility of the BOP, once an inmate has begun serving a federal sentence, to calculate the length of the inmate's sentence. United States v. Wilson, 503 U.S. 329, 333-35 (1992). A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is a proper means of challenging the BOP's computation of an inmate's sentence. United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006)("Prisoners are entitled to administrative review of the computation of their credits . . . and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241"), cert. denied, 549 U.S. 1152

---

South Dakota sentence and when he began serving his Wyoming sentence is 3 months and 29 days. The BOP has essentially added this period of time (3 months and 29 days) to the second sentence (10 years) in order to arrive at the aggregate term of imprisonment of 10 years, 3 months, and 29 days.

(2007);[3] Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002)("A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court.")

"When a federal defendant is 'already subject' to 'an undischarged term of imprisonment,' [18 U.S.C. § 3584(a)] expressly authorizes the district court to make the federal sentence run 'concurrently or consecutively' with the undischarged term." Fegans v. United States, 506 F.3d 1101, 1103 (8th Cir. 2007)[citations omitted]. "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment. 18 U.S.C. § 3584(c). The computation of a federal sentence is governed by 18 U.S.C. § 3585, which defines when a federal sentence commences and establishes when a defendant is entitled to credit for time spent in official detention prior to the commencement of the sentence.

In particular, Section 3585(a) provides that:

> "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

"A federal sentence cannot commence prior to the date it is pronounced." Mathison v. Morrison, 2007 WL 3224671 at *4 (D.Minn. Nov. 1, 2007), quoting United States v. McLean, 1989 WL 5457 at *1 (4th Cir. 1989). "Consequently, when a federal sentence is ordered to run concurrently with a sentence being served, **it can only run concurrently with that part of the**

---

[3] Because the Court ultimately finds that Arellano's Petition is without merit on the substance of his claim, the Court need not address whether his failure to exhaust his administrative remedies should be excused. See, Lueth v. Beach, 498 F.3d 795, 797 n. 3 (8th Cir. 2007)(the exhaustion requirement is judicially created, not jurisdictional), cert. denied, 552 U.S. 1121 (2008).

4

**prior sentence remaining to be served**." Stevenson v. Terrell, 2009 WL 1035161 at *3 (D.Minn. Apr. 16, 2009)[emphasis retained], quoting McLean, 1989 WL 5457 at *1; see also, George v. Francis, 2007 WL 983824 at *6 (N.D.W.Va. Mar. 27, 2007)("A federal sentence commences on the day that it is announced, even when concurrent to a sentence already being served"); Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006)(in the sentencing context, the word "concurrent" "does not meant that the two sentences 'have the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being serve.'")[citation omitted]; Miramontes v. Driver, 2007 WL 2110933 at *1 (5th Cir. July 23, 2007)("a district court does not have the authority . . . to order a federal sentence to run absolutely concurrently with a prior sentence."); United States v. Majeed, 2011 WL 1827674 at *3 (E.D.Mo. May 12, 2011)("federal courts have uniformly rejected the proposition that a federal sentence can be made 'retroactively' concurrent to a date prior to its imposition"); Sisemore v. Outlaw, 363 Fed.Appx. 424, 424-25 (8th Cir. Feb. 3, 2010)("district court's order that prison term should run concurrently with term already being served did not mean the two sentences had the same starting date; federal sentence cannot commence prior to date it is pronounced, even if made concurrent with sentence already being served."); Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C.Cir. 1983)("a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with **the remainder** of the one then being served.")[emphasis retained].

Accordingly, it is clear that a federal prison sentence, even one that is to be served concurrently with a sentence already being served, cannot have a retroactive commencement date, and therefore, it can only run concurrently with the unserved remainder of the first

sentence. Applying these principles to the present case, Arellano's Wyoming sentence could not have commenced any earlier than the date it was imposed, which was November 14, 2007. Even though his Wyoming sentence was to run concurrently with the South Dakota sentence that Arellano was already serving, this does not mean that Arellano's total sentence could be no more than 10 years. Rather, the aggregate term of imprisonment was longer than either individual term of imprisonment because the sentences only ran concurrently from November 14, 2007. Consequently, the 3 months and 29 days was not time spent serving the concurrent Wyoming sentence. Therefore, the Court finds that Arellano has failed to demonstrate that the BOP erred in determining the commencement date of his Wyoming sentence.

The Court recognizes that Arellano contends that in order to give full effect to the District of Wyoming's order that the sentence run concurrent with the South Dakota sentence, he must be given presentence credit for the 3 months and 29 days that he spent serving the nonconcurrent portion of his South Dakota sentence. However, the Court finds that Arellano is not entitled to credit toward his aggregate sentence for the time spent in custody between July 16, 2007, and November 14, 2007, because he already received credit for that time period against the noncurrent portion of Arellano's South Dakota sentence.

Under 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time that he has spent in official detention prior to the date the sentence commences . . . **that has not been credited against another sentence**." [emphasis added]. Based on the plain language of the statute, "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337; see also, United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991)("a defendant is entitled to credit for time spent in official detention only if it has not been credited against another sentence.")

The BOP credited the 3 months and 29 days between July 16, 2007, and November 14, 2007, to Arellano's South Dakota sentence, which commenced on July 16, 2007 pursuant to the statute. To also award Arellano credit for this time period toward his aggregate sentence would be to give him double credit, which is plainly prohibited by the statute. See, Mathison, 2007 WL 3224671 at *6 (the rule prohibiting double credit precludes an inmate from receiving credit toward an aggregate term of imprisonment for time already credited toward the noncurrent portion of his first sentence); Mann v. Stansberry, 2010 WL 2813534 at *2 (E.D.Va. July 16, 2010)("The 500 days spent in custody before the imposition of the Virginia sentence has already been credited against the Maryland sentence, and therefore cannot be credited against the Virginia sentence as well.")

Lastly, Arellano appears to argue that because it would result in a shorter sentence, the BOP should simply apply the 3 months and 29 days to his Wyoming sentence **instead of** his South Dakota sentence.[4] For the same reasons discussed above, this argument is without merit.

---

[4] Arellano also appears to argue that the South Dakota court should have applied the 3 months and 29 days credit to his Wyoming sentence because it was aware that he had been indicted in Wyoming on similar charges that were likely to carry a greater penalty. (Pet.'s Reply, at pp. 2-3). Arellano has failed to cite any authority to support his claim that either sentencing court was required to take this into consideration. Significantly, the Wyoming court could have taken into account the time that Arellano spent in custody serving the South Dakota sentence by imposing a shorter sentence. However, after that sentence is imposed, it is the BOP, and not the sentencing court, that determines when an inmate is to receive credit for time spent in official detention. See, United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004)("A district court cannot apply section 3585(b) when sentencing, because computing 'the credit must occur after the defendant begins his sentence"), quoting Wilson, 503 U.S. at 333. Here, the BOP has correctly calculated Arellano's sentence. To the extent Arellano is challenging the sentences that were imposed, such claims cannot be addressed in his Section 2241 Petition. See, Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] §2255 . . . , and not in a habeas petition filed in the court of incarceration . . . under § 2241.") Although there are some exceptions to the exclusive remedy rule, there is absolutely no indication that any of them would apply here.

The statute clearly defines when a sentence commences and when an inmate is entitled to credit. After applying the requirements of the statute, the BOP correctly concluded that the 3 months and 29 days at issue could not be credited towards his aggregate sentence for the reasons already stated.[5]

### III. CONCLUSION

For the reasons discussed above, the Court finds that the BOP correctly calculated Arellano's aggregate sentence. Arellano has failed to demonstrate that the BOP violated 18 U.S.C. 3585 in calculating his sentence. Therefore, the Court recommends that Arellano's Petition be denied and that this action be dismissed with prejudice.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's habeas corpus petition [Docket Nos. 1 and 3] be DENIED;

2. This action be DISMISSED WITH PREJUDICE.


Dated: August 5, 2011                     s/Leo I. Brisbois
                                          LEO I. BRISBOIS
                                          United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by August 20, 2011,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for

---

[5] Arellano has cited a number of cases in support of his claim, which the Court has reviewed. The Court will not address each of these cases individually, but simply notes that these cases are significantly distinguishable from the present case and therefore do not support his argument.

in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.